## STEPHEN SINGER v. VILLAGE OF GOODRIDGE AND OTHERS.[1]

May 16, 1941.

No. 32,815.

[1]Reported in 298 N. W. 35.

325

*Theodore Quale,* for appellant.

*H. O. Berve,* for respondent Village of Goodridge.

*Paul A. Lundgren,* County Attorney, for respondents County of Pennington and its officers.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, and *George B. Sjoselius,* Special Assistant Attorney General, *amici curiae,* filed a brief on behalf of the contention of respondents.

LORING, JUSTICE.

This was a suit to vacate tax judgments and to restrain forfeiture proceedings thereunder against certain lots in the village of Goodridge in Pennington county, and it comes here on appeal by plaintiff from a judgment for defendants dismissing the cause of action on the merits.

The sole question presented by this appeal is whether the inclusion in the notice accompanying the delinquent tax list of 1934 of the paragraph required by L. 1927, c. 119, § 3, 1 Mason Minn. St. 1927, § 2139-2, which was an erroneous statement in regard to

redemption, vitiated the jurisdiction of the court over the tax proceedings and rendered void its judgment thereon.

May 1, 1932, under unrecorded deeds plaintiff was the owner of the lots here involved, of which he then was and now is in possession. The taxes for 1932 were assessed against the lots, and on March 19, 1934, pursuant to a list of the delinquent taxes upon real estate (including plaintiff's lots) filed by the county auditor with the clerk of the district court, as required by 1 Mason Minn. St. 1927, § 2106, and the clerk's return of the notice, as required by 1 Mason Minn. St. 1927, §§ 2107 and 2139-2, judgment was entered by default against each of the lots for the 1932 taxes. May 14, 1934, the lots were offered for sale and bid in by the state. Subsequently, by appropriate action of the county officials, the delinquent taxes for the years 1933, 1934, 1935, 1936, 1937, 1938, and 1939 were attached to and became a part of the tax judgments. November 15, 1939, pursuant to 3 Mason Minn. St. 1940 Supp. § 2164-1, plaintiff was personally served with notice of the expiration of the time to redeem. December 12, 1939, plaintiff commenced the present action to enjoin forfeiture of his property and to get permission to redeem his property from the sale of May 14, 1934. At the close of plaintiff's case the court granted defendants' motion to dismiss the action on the merits on the grounds that plaintiff was barred by the statute of limitations, 1 Mason Minn. St. 1927, § 2139-2, and that the tax judgments were *res adjudicata*. From the judgment entered thereon plaintiff appeals.

Plaintiff contends (1) that the notice of the filing of the list of taxes remaining delinquent on the first Monday in January, 1934, as published by the clerk of the district court, did not give the court jurisdiction to enter the tax judgments for the reason that the notice, after setting forth verbatim the words required by G. S. 1923, § 2107, recited as required by L. 1927, c. 119, § 3 (1 Mason, § 2139-2) :

"You are further notified that at the expiration of five years from the date of the tax judgment sale pursuant to such judgment, each parcel of land sold at such sale, and not redeemed, will become and be the absolute property of the purchaser or of the State, or of his or its assigns, without further right of redemption, and without any notice of expiration of the time to redeem the same,"

whereas L. 1933, c. 366, § 1, 3 Mason Minn. St. 1940 Supp. § 2164-1, provided:

"Right of redemption from any sale for delinquent taxes shall continue for a period of twelve months after proof of service, in the manner required by law, of a notice of expiration of the time within which redemption can be made, has been filed in the office of the county auditor of the county in which such sale is made";

that is, plaintiff asserts that the notice was not in conformity with the law, and failure to comply strictly with the statutes defeated the court's acquisition of jurisdiction; and (2) that his rights were prejudiced by the acts of the county officials making the delinquent taxes for the years subsequent to 1932 a part of the tax judgments and failing to include such delinquent taxes in the delinquent tax lists for 1933 and subsequent years.

■ The notice which was published and attached to the delinquent tax list contained all the requirements of the notice provided for in § 2107. That notice conferred jurisdiction upon the district court and was in the nature of a summons admonishing interested parties to appear and file an answer with the clerk setting forth any objection or defense to the taxes and that in default thereof judgment would be entered against the land for the taxes, penalties, interest, and costs. Did the inclusion in the notice of the statement above quoted, as required by L. 1927 vitiate the jurisdiction otherwise conferred by the proper publication of this notice? We are of the opinion that it did not. The statement complained of relates not at all to the matter of appearing and answering or to the judicial proceeding initiated by the

publication of the notice, but merely admonished the interested parties that the period of redemption would expire five years from the date of the sale without notice of expiration of the time to redeem. It was by L. 1927 included in the notice for the obvious purpose of relieving the state of giving a notice of expiration of the time to redeem, thereby saving the expense and necessity of such further notice. Therefore, it merely related to the procedure in connection with the redemption from the judgment in case such judgment should be entered. It did not in any way affect the jurisdiction of the court to enter the judgment. It related solely to the administrative process of redemption, and it did not mislead or injuriously affect the interested parties because in the meantime a more generous provision had been made permitting the issuance of a notice of expiration of redemption and the service thereof upon interested parties. The subsequent legislation which had come into effect before the issuance of this notice gave the interested parties additional rights. Therefore, the notice as published did not adversely affect such parties. We deem the inclusion of this erroneous notice as a mere irregularity and not a jurisdictional defect.

■ It follows that the subsequent taxes attached to the judgment were properly so attached, and plaintiff, had he seasonably acted, might have questioned those taxes under the provisions of L. 1927, c. 119, § 3. They were properly omitted from the subsequent delinquent tax lists under the provisions of § 2106.

The judgment is affirmed.